| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |
|---|---|---|

**CASE NO.:** CV 15-00539 SJO (AJWx)      **DATE:** February 3, 2015

**TITLE:** Davis Zarate v. Staffing Network Holdings, LLC

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                     Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                          Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR COUNTY OF LOS ANGELES**

This matter is before the Court on its own motion. On December 17, 2014, Plaintiff Davis Zarate ("Plaintiff"), initiated this employment law representative action under California Labor Code § 2699, *et seq.*, in the Superior Court of California Los Angeles County. (*See generally* Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1-1.) In the Complaint, Plaintiff alleges on behalf of all of Defendant's current and former employees that Defendant Staffing Network Holdings, LLC ("Defendant") has failed to provide accurate itemized wage statements in compliance with California Labor Code § 226(a). (Compl. ¶¶ 1-2.) On January 23, 2015, Defendant removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). Here, Defendant argues that the Court has diversity jurisdiction over Plaintiff's claim. (Notice ¶¶ 4-12.) Defendant does not allege jurisdiction under the Class Action Fairness Act. (*See generally* Notice.)

Diversity jurisdiction requires: (1) complete diversity, so that each plaintiff is a citizen of a different state from each defendant; and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). For purposes of diversity, corporations are citizens of their state of incorporation and the state in which

CASE NO.: CV 15-00539 SJO (AJWx)          DATE: February 3, 2015

they have their principal place of business, 28 U.S.C. § 1332(c), individuals are citizens of their state of domicile, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), and limited liability companies share the citizenship of their members, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Because limited liability companies ("LLCs") share the citizenship of their members, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), where the removing party is an LLC, it must allege the citizenship of each of its members in order to meet its burden of showing complete diversity of citizenship between the parties. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) (finding that the defendant LLCs failed to satisfy their burden to show complete diversity of citizenship where they failed to state the citizenship of their members).

Here, Defendant Staffing Network Holdings, LLC alleges that it is incorporated in Delaware with its principal place of business in Illinois. (Notice ¶ 10.) Defendant also provides a conclusory allegation that "Staffing Network Holdings LLC is not, and was not at any relevant time, a citizen of the State of California." (Notice ¶ 10.) However, the Notice of Removal does not identify the members of Staffing Network Solutions, LLC, and thus does not adequately allege diversity of citizenship.

Defendant alleges that the amount in controversy exceeds $75,000 based on two reasons. First, Defendant cites the penalties provided under California Labor Code § 2699(f)(2), which are $100 hundred dollars per aggrieved employee per pay period for the initial violation and $200 per aggrieved employee per pay period for each subsequent violation. (Notice ¶ 6.) Neither the Complaint nor the Notice allege the number of aggrieved employees nor the duration of the alleged violations, so this is not sufficient to allege an amount in controversy exceeding $75,000. Even if the total did exceed $75,000, California Private Attorneys General Act ("PAGA") claims of multiple employees cannot be aggregated for the purpose of diversity jurisdiction. *See Urbino v. Orkin Servs. of Cal.*, 726 F.3d 1118 (9th Cir. 2013.)

Second, Defendant alleges that Plaintiff would be entitled to costs and attorneys' fees. (Notice ¶ 7.) These costs are provided for by statute. *See* Cal. Labor Code § 2699(g)(1). Again, only the portion of attorney's fees attributable to Plaintiff's individual claims count toward the amount in controversy. *See Patel v. Nike Retail Servs., Inc.*, No. 14-CV-00851-JST, 2014 WL 3611096, at *14 (N.D. Cal. July 21, 2014). Given that Plaintiff's claim is a PAGA claim for multiple employees, it is not clear that Plaintiff's small individual share of these fees would be sufficient to raise the amount in controversy above $75,000.

For the aforementioned reasons, Defendant has failed to establish either complete diversity or a sufficient amount in controversy for the purpose of evoking diversity jurisdiction. *See Gaus*, 980

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 15-00539 SJO (AJWx)          DATE: February 3, 2015

F.2d at 566; 28 U.S.C. § 1332(a).  Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County.  This action shall close.

IT IS SO ORDERED.